IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:65-CV-1796-FL

| | |
|---|---|
| HAROLD DOUGLAS COPPEDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| THE FRANKLIN COUNTY BOARD OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on joint motion for declaration of partial unitary status and for approval of stipulation regarding student assignment, (DE 22), filed by defendants ("the District") and plaintiff-intervenor United States of America ("United States"). Plaintiffs have responded concurring in part and requesting in part additional proceedings. In this posture, the issues raised are ripe for ruling.

**BACKGROUND**

The court incorporates herein the background and procedural history of this case set forth in its June 17, 2003, consent order, a complete copy of which was filed electronically on the docket on October 23, 2017, at the undersigned's direction. (See DE 14-1). On October 13, 2017, defendants filed annual status report in accordance with the June 17, 2003, consent order. By text

order entered October 31, 2017, the court directed plaintiffs and plaintiff-intervenor to review and respond to said report identifying remaining area(s) of noncompliance, if any.

On January 12, 2018, plaintiff-intervenor separately responded, simultaneously filing with agreement of defendants the instant motion, with proposed stipulation regarding student assignment and suggested form of order affording the following sought-after relief:

1. Declaration that the District is declared partially unitary with respect to its staff and the following quality of education areas governed by the June 17, 2003, consent order in this case: student achievement; advanced courses; special education program; and student dropouts;

2. Dissolution of all prior court-ordered obligations and termination of jurisdiction with respect to the factor of staff, pursuant to Green v. Cty. Sch. Bd. of New Kent Cty., 391 U.S. 430, 435 (1968), and with respect to the following quality of education areas: student achievement; advanced courses; special education; and student dropouts;

3. Approval of proposed stipulation regarding student assignment, with the court's retention of jurisdiction as it pertains to the Green factor of student assignment until the District phases out its majority-to-minority program consistent with the terms of the stipulation and fulfills its obligations under the June 17, 2003, consent order regarding its administration of discipline and its gifted and talented program;

4. Maintainance of the District's obligations regarding administration of discipline, gifted and talented program, and majority-to-minority program, in accordance with paragraphs III.C.1, II.C.3-4, III.D.3-5, IV.A, IV.J-L, and IV.P-S of the June 17, 2003, consent order; and

5. Direction to the parties to file a status report, on or before December 21, 2020, regarding

whether the District has fulfilled its remaining obligations.

In their response, filed the same date, plaintiffs evidence agreement with intervenor-plaintiff and defendants to the extent they identify areas of non-compliance with the June 17, 2003, consent order. Further, they concur with request to maintain obligations, pursuant to the June 17, 2003, consent order, regarding administration of discipline, gifted and talented program, and majority-to-minority program. Plaintiffs request, however, the following:

> Before dismissing any part of the 2003 Order, the undersigned counsel requests that the Court require the District to provide notice of the proposed stipulation to all class members, school staff, and the public generally and invite comment at a public meeting. Counsel would then provide a summary of comments for the Court's consideration.

(Pls' Resp. (DE 23) at 2).

## COURT'S DISCUSSION

Upon careful review of the instant motion, pertinent supporting documents in the record, plaintiffs' response, and the court's June 17, 2003, consent order, the court denies without prejudice joint motion for declaration of partial unitary status and for approval of stipulation regarding student assignment (DE 22). The court orders further proceedings for provision of public notice as requested by plaintiffs, as follows:

1. Within 21 days hereof, the parties jointly shall move for approval of an agreed upon notice form for dissemination to identified recipients and the public the proposed stipulation (attached as Exhibit 1 to the motion herein denied) and any necessary, related information including time and place for conduct of public meeting and mailing address for any written comments in advance of said meeting, on which form

3

of notice the court promptly shall rule.[1]

    a.    The period of public comment referred to in the form of notice shall be at least 120 days; and

    b.    Public meeting identified in the notice shall be set no later than 21 days after closure of the public comment period.

2. Within 60 days from date of public meeting, the parties shall file a joint report providing a summary of comments for the court's consideration;

3. Within 60 days from date of public meeting, renewed joint motion for declaration of partial unitary status and for approval of stipulation may be filed, reflecting updated information, proposals, and positions of the parties in light of any comments received; and

4. Thereupon the court will enter such further order(s) as is warranted.

All terms and conditions set forth in the court's June 17, 2003, consent order, as well as all previous orders entered in this case not inconsistent herewith, shall remain in full force and effect.

## CONCLUSION

Based on the foregoing, joint motion for declaration of partial unitary status and for approval of stipulation (DE 22) is DENIED WITHOUT PREJUDICE. The parties are DIRECTED to confer and develop a form of notice in accordance with enumerated criteria, to file same within **21 days** hereof, and thereafter to make joint report and file any renewed motion all as provided by this court. The clerk is DIRECTED to return comment letter delivered February 2, 2018, to the court on behalf

---

[1] Should some disagreement arise as to notice form, dissemination protocol, and/or public meeting or written comment arrangements arise among the parties, said disagreement(s) shall be memorialized by the party complainant in separate filing, also due within 21 days hereof and to which any other party may respond with 14 days of service.

of Mr. Ira Harris to this commentator, so that Mr. Harris may, if he wishes, provide his comments to the parties directly for their consideration in accordance with the foregoing procedures where there is no procedural mechanism now in place for lodging any comments directly on the court's docket.

SO ORDERED, this the 6th day of February, 2018.

                                                                               LOUISE W. FLANAGAN
                                                                                United States District Judge